## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLIE GASTER DAVIS, JR.                                                PLAINTIFF
ADC #109028

V.                         NO: 5:09CV00318 BSM/HDY

MADIE FUDGE *et al.*                                                  DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.
    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on October 20, 2009. Plaintiff named as Defendants Warden David White and Corporal Madie Fudge, both of the Tucker Maximum Security Unit.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, Fudge wrote him a false disciplinary charge on July 20, 2009.  Plaintiff asserts that he was found guilty at a hearing on July 29, 2009, assessed 30 days of punitive time, reduced in class, and lost good time.  However, Plaintiff appealed, and White reversed the decision on August 25, 2009, and adjusted the records to reflect the decision.  For relief, Plaintiff seeks $40.00 per day from the initial guilty determination until the reversal, an order directing the ADC's director to impose punishment on Fudge, an order that certain evidence pertaining to the disciplinary charge be forwarded to the Jefferson County prosecuting attorney for felony perjury charges, and an order directing the ADC to implement a grievance policy to allow inmates to grieve disciplinary matters.  Because a false disciplinary charge that was reversed in the prison's appeals process fails to state a claim for relief, Plaintiff's complaint should be dismissed.

Even if Fudge issued a false disciplinary charge, such actions do not rise to the level of a constitutional violation.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)) (standing alone, allegation of false disciplinary charge does not state a constitutional claim).  To the extent that

Plaintiff may be attempting to raise a due process claim, it is clear that he received due process, because the disciplinary conviction was reversed. *See Wycoff v. Nichols*, 94 F.3d 1187 (8th Cir. 1995) (reversal of the disciplinary case against the inmate constituted part of the due process the inmate received, and it cured the alleged due process violation based on the disciplinary committee's initial decision to sanction the inmate). Plaintiff's complaint articulates no facts to suggest any other constitutional claim. Accordingly, Plaintiff has failed to state a claim for relief, and his complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   27   day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE