**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**WILLIE GASTER DAVIS, JR.**                                                                    **PLAINTIFF**
**ADC #109028**

**V.**                                          **NO: 5:09CV00318 BSM**

**MADIE FUDGE** *et al.*                                                                              **DEFENDANTS**

**ORDER**

Plaintiff Willie Gaster Davis, Jr. requests that the court alter or amend the judgment entered November 16, 2009. It appears that Davis is proceeding under Federal Rule of Civil Procedure 59(e). "Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Davis asserts that the court erred by "not addressing the liberty lost due to Fudge's misconduct and falsifying a disciplinary report." In *Wycoff v. Nichols*, 94 F.3d 1187, 1189 (8th Cir. 1996), cited in the recommended disposition, the Eighth Circuit stated that the plaintiff's claim that he was entitled to damages for time spent in administrative segregation prior to the reversal of the case against him was barred by *Sandin v. Conner*, 515 U.S. 472 (1995). Here, as in *Wycoff*, Davis has failed to show that the conditions of his confinement "preent the type of atypical, significant deprivation in which a state might conceivably create

a liberty interest." 94 F.3d 1190. After fully considering Davis's arguments, the motion to reconsider is denied. To the extent that motions for reconsideration may be construed as a Rule 60(b) motion, the motion is denied because Davis fails to set forth one of the enumerated grounds for relief.

As this case has been dismissed, Davis's motion to compel is denied as moot.

Accordingly, Davis's motion to alter or amend the judgment (Doc. No. 18), and Davis's motion to compel (Doc. No. 16) is denied as moot.

IT IS SO ORDERED this 3rd day of December, 2009.

_____
UNITED STATES DISTRICT JUDGE